IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHARRON A. ELDRIDGE, <br> CYNTHIA C. DURHAM, | * | |
| | * | |
|    Plaintiffs, | * | |
|       v. | * | Civil Action No. RDB-12-00287 <br> Civil Action No. ELH-12-00395 |
| | * | |
| MCCABE, WEISBERG & CONWAY, LLC, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM ORDER**

On January 30, 2012, Plaintiff Sharron A. Eldridge ("Eldridge") brought a civil action, Case No. RDB-12-00287, against Defendant McCabe, Weisberg & Conway, LLC ("Defendant") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") arising from a foreclosure action filed by Defendant in the Circuit Court for Anne Arundel County, Maryland.  On February 9, 2012, Plaintiff Cynthia C. Durham ("Durham") brought a civil action, Case No. ELH-12-00395, against Defendant similarly alleging violations of the FDCPA arising from a foreclosure action filed by Defendant in the Circuit Court for Baltimore County, Maryland.

Currently pending before this Court is Plaintiffs Eldridge and Durham's Motion to Consolidate and to Extend Time filed in each of the above captioned actions (ECF No. 8, RDB-12-00287 and ECF No. 7, ELH-12-00395).  Also pending in each case are Defendant's Motions to Dismiss and/or in the Alternative for Summary Judgment (ECF No. 6, RDB-12-00287 and ECF No. 5, ELH-12-00395).   Additionally, in Case No. RDB-12-00287,

1

Defendant filed a Motion to Dismiss Plaintiff's Complaint for Failure to Effect Proper Service of Process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure (ECF No. 5, RDB-12-00287).

The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Plaintiffs' Motion to Consolidate and to Extend Time (ECF No. 8, RDB-12-00287 and ECF No. 7, ELH-12-00395) is GRANTED and Plaintiffs will have fifteen (15) days from the date of the issuance of this Memorandum Order to respond to Defendant's motions to dismiss. Defendant's Motions to Dismiss and/or in the Alternative for Summary Judgment (ECF No. 6, RDB-12-00287 and ECF No. 5, ELH-12-00395) and Motion to Dismiss for Failure to Effect Proper Service of Process (ECF No. 5, RDB-12-00287) remain pending before this Court.

## ANALYSIS

Rule 42 of the Federal Rules of Civil Procedure allows the court in its discretion to consolidate actions when "common question[s] of law or fact" are involved. Fed. R. Civ. Pro. 42(a)(2). Policies of judicial economy generally favor the consolidation of related actions. *Coyne & Delaney Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996) (the "substantial overlap" between two related cases require consolidation in "the interests of justice."). Absent a clear abuse of discretion, a court will not be overruled on appeal for granting a motion to consolidate cases. *See, e.g., North Carolina Natural Gas Corp. v. Seaboard Sur. Corp.*, 284 F.2d 164, 167 (4th Cir. 1960) (acknowledging that ". . . consolidation is within the sound discretion of the [trial] court. . . ."). "In exercising that discretion, courts should weigh 'the interests of judicial convenience in consolidating the cases against the delay, confusion, and

prejudice consolidation might cause' to the parties." *Joe Hand Promotions, Inc. v. Dock Street Enterprises, Inc.*, WMN-11-1973, 2011 WL 6141058, at *2 (D. Md. Dec. 8, 2011) (quoting *Servants of Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D. N. M. 1994). The movant must demonstrate "that consolidation is desirable." *Id.*

Consolidation is proper in this case. Both cases are pending before this Court against the same Defendant McCabe, Weisberg & Conway, LLC. Both Plaintiffs are represented by the same legal counsel. Both cases involve common issues of law as they essentially allege similar violations of the Fair Debt Collection Practices Act ("FDCPA") against the Defendant. Moreover, both cases involve common issues of fact in that they arise out of foreclosure actions filed by the Defendant in Maryland State Courts. Additionally, Defendant will not be prejudiced by consolidating these actions nor does it contend that it will be in its Opposition to the Motion to Consolidate (ECF No. 9, RDB-12-00287, ECF No. 8, ELH-12-00395). In fact, consolidation in this case will serve the interest of judicial economy, promote a speedy resolution of the disputes, and avoid confusion. As such, Plaintiffs' Motion to Consolidate and Extend Time (ECF No. 8, RDB-12-00287 and ECF No. 7, ELH-12-00395) is GRANTED. Plaintiffs will have fifteen (15) days from the date of the issuance of this Memorandum Order to file responses to Defendant's motions.

CONCLUSION

For the reasons stated above, it is this 20th day of April 2012, ORDERED that:

1. Plaintiffs Eldridge and Durham's Motion to Consolidate and Extend Time (ECF No. 8, RDB-12-00287 and ECF No. 7, ELH-12-00395) is GRANTED;

2. The Clerk of the Court consolidate both cases under Case No. RDB-12-00287;

3. Plaintiffs have fifteen (15) days from the date of the issuance of this Memorandum Order to respond to Defendant's motions to dismiss;

4. Defendant's Motions to Dismiss and/or in the Alternative for Summary Judgment (ECF No. 6, RDB-12-00287 and ECF No. 5, ELH-12-00395) and Motion to Dismiss for Failure to Effect Proper Service of Process (ECF No. 5, RDB-12-00287) remain pending before this Court; and

5. The Clerk of the Court transmit copies of this Memorandum Order to Counsel.

_____/s/_____
Richard D. Bennett
United States District Judge